IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN L. CARTER,

                Petitioner,

v.

REED RICHARDSON,

                Respondent.

OPINION and ORDER

19-cv-949-jdp

---

Marvin L. Carter, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2017 judgment of conviction for possession of heroin with intent to deliver and possession of a firearm by a felon, entered in Milwaukee County Case No. 2016CF762.

Carter raises two grounds for relief related to his sentence: he contends that the prosecutor breached the plea agreement at sentencing, and that he was sentenced on inaccurate information about his conviction history and the type of drugs that were seized from him. Carter admits that he has not exhausted his state-court remedies on these claims, but he contends that exhaustion is unavailable to him because of undue delay in the state proceedings: despite being sentenced in July 2017, his appeal has languished, with appointed counsel receiving more than two years' worth of extensions of time to obtain transcripts or to file a notice of appeal or postconviction motion.[1] I directed the parties to brief Carter's contention that he should be excused from the exhaustion requirement. *See* Dkt. 5. Respondent has filed a formal motion to dismiss based on the exhaustion requirement.

---

[1] Carter's appellate docket is available online at https://wscca.wicourts.gov. The docket of his circuit court proceedings is available at https://wcca.wicourts.gov.

Section 2254(b)(1) generally requires that a habeas petitioner exhaust his state-court remedies before this court may grant his petition. The exhaustion requirement "serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). The exhaustion rule need not be followed when "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." Section 2254(b)(1)(B)(i) and (ii). But courts do not take the exhaustion requirement lightly: in the context of delay in state-court proceedings, courts have concluded that these exceptions could apply only when the delay is "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

The delay in Carter's postconviction or appellate process is inordinate. *See Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (17-month delay was excessive); *U.S. ex rel. Brown v. Shaw*, No. 09 C 2837, 2009 WL 5166220, at *4 (N.D. Ill. Dec. 21, 2009) (noting Tenth Circuit's rebuttable presumption of two-year delay being inordinate (citing *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994))). It has been more than three years after his judgment of conviction, and his case has gone nowhere. From the docket of Carter's circuit court proceedings, it appears that some of that time is attributable to a delay in the production of transcripts.[2] But even after that issue was resolved, Carter's appointed appellate counsel has received ten extensions of time to file a notice of appeal or postconviction motion. The case

---

[2] Carter's circuit court docket is available online at https://wscca.wicourts.gov.

has languished even since Carter filed this habeas petition. Counsel's eleventh motion for extension was filed on September 25 and is currently pending.

In the interests of comity with the state-court system, federal courts generally dismiss unexhausted habeas cases if there is some progression in the delayed underlying state-court case. *See, e.g.*, *Brzowski v. Spiller*, No. 14-cv-4014, 2015 WL 1397392, at *4 (N.D. Ill. 2015) (denying habeas with nearly three-year delay in direct appeal [w]here the factors delaying a direct appeal have subsided."); *Haas v. Jenkins*, No. 07C0480, 2008 WL 283056, at *2 (E.D. Wis. Jan. 31, 2008) (declining to excuse exhaustion requirement when appeal with four-year delay had been briefed and was expected to proceed shortly in state court);*see also Slater v. Chatman*, 147 Fed. App'x. 959, 960 (11th Cir. 2005) ("[g]iven that the state courts are now moving forward with [the petitioner's] direct appeal, we cannot say that there is an absence of available State corrective process" (internal quotation omitted)). At present, I am not persuaded that I should proceed with a federal habeas case when Carter has the ability to raise his concerns directly with state courts. Carter does not suggest that the state courts are aware that he disapproves of his counsel's repeated requests for extension of time.

So I will dismiss Carter's petition. Carter should write to the court of appeals, the state circuit court (where any potential postconviction motion would be due), or both courts to tell them that he disapproves of the delay in his case. Should Carter do that and his case still doesn't budge, he may refile his habeas petition. I will direct the clerk of court to send the court of appeals, the circuit court, and Carter's counsel a copy of this opinion.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The court should issue a certificate when "reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). If a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

I've already concluded that Carter's substantive claims are not obviously frivolous. And given the dearth of precedent involving the exhaustion of state-court process in the face of excessive delay, I conclude that reasonable jurists at least could at least debate whether to dismiss Carter's petition or proceed to substantive briefing. See *Brzowski*, 2015 WL 1397392, at *5 (granting petitioner a certificate of appealability after dismissing habeas about delayed case); *see also Thomas v. United States*, 328 F.3d 305, 308 (7th Cir. 2003) ("[m]any prisoners who seem likely to lose in the court of appeals nonetheless are entitled to certificates of appealability under the statutory standard"). I'll grant Carter a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Respondent's motion to dismiss Marvin L. Carter's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 9, is GRANTED.

2. Carter's petition, Dkt. 1, is DISMISSED without prejudice.

3. Carter is GRANTED a certificate of appealability.

4. The clerk of court is directed to send a copy of this order to Carter's appellate counsel, the Wisconsin Court of Appeals, and the Milwaukee County Circuit Court.

Entered September 28, 2020.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge